**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                        **Case No. 8:97-cr-344-T-27TBM**

**JOHN LEE COLLINS,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's **Affidavit of Indigency** (Doc. 165), which is construed as a motion to proceed *in forma pauperis* on appeal. Defendant is appealing an Order denying his motion to correct clerical errors. *See* (Docs. 163, 165). I recommend the motion to proceed *in forma pauperis* on appeal be denied.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*, No. 6:06-cv-1812-Orl-19JGG, 2007 WL 1099088 (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> **(A)**     shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)**     claims an entitlement to redress; and

>   **(C)**   states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>   **(A)**   the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
>
>   **(B)**   a statute provides otherwise.

Fed. R. App. P. 24(a).[1]  Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> ***
>
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). The statute provides further that the court must dismiss a case at

any time if it determines that the allegation of poverty is untrue or the action or appeal is

---

[1] Rule 24 was amended effective December 1, 2013. *See* 2013 U.S. Order 0023 (C.O. 0023). The amendment does not change the Court's consideration in this case.

frivolous or malicious. *Id.* at (e)(2)(A), (B). Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party previously was permitted to proceed *in forma pauperis*), and (2) the appeal must be brought in good faith.

Defendant seeks to appeal the denial of his motion to correct purported clerical errors under Federal Rule of Criminal Procedure 36.[2] More particularly, he seeks to "correct all portions of the record (Judgment, PSI, etc.) to reflect that [his] offense of conviction was obtained under 21 U.S.C. § 841(b)(1)(C) rather than § 841(b)(1)(A). . . ." as determined by the Eleventh Circuit on his direct appeal after conviction. (Doc. 159 at 1). The motion was denied by Order dated October 21, 2013. (Doc. 160).

As reflected in the court file, Defendant was convicted on two counts for violation of 21 U.S.C.§ 841(a)(1) and sentenced therefore as a career offender to 360 months' incarceration. *See* (Doc. 104). On his direct appeal, Defendant raised an *Apprendi* challenge because he was sentenced based on a prior felony drug conviction and a quantity of drugs that was not alleged in the Indictment and not proven to a jury beyond a reasonable doubt. *See* (Docs. 104, 105). The Eleventh Circuit rejected both challenges, holding that the district court did not commit plain error in sentencing Defendant because a prior conviction does not have to be alleged in an indictment and proven to a jury and Defendant was sentenced within the 30-year maximum prescribed for drug offenses without reference to quantity for a defendant with a prior felony drug conviction under 21 U.S.C. § 841(b)(1)(C). (Doc. 123).

---

[2]Rule 36 provides ". . . , the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

3

Based on this conclusion of no plain error, Defendant seeks an Order directing that the record in his case be corrected to reflect that his offense of conviction was obtained under 21 U.S.C. § 841(b)(1)(C) rather than under 21 U.S.C. § 841(b)(1)(A). A review of the court file, however, reveals no reference to either punishment provision except as raised by Defendant, and certainly no error arising from oversight or omission. Although these punishment provisions may well be cited in Defendant's PSR, that document is not in the public record. In any event, the Probation Officer's consideration of the applicable punishment provisions is not a clerical error subject to correction under Rule 36. Further, any error by Probation or the Court in regards to the sentence was clearly "corrected" by the Eleventh Circuit.

Because Defendant proffers no evidence to support the need for relief under Rule 36 or a viable legal theory demonstrating that such a correction is warranted in his circumstances, his motion to proceed *in forma pauperis* on appeal (Doc. 165) is frivolous and not brought in good faith. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, it is RECOMMENDED that the Court DENY Defendant's motion to proceed *in forma pauperis* on appeal (Doc.165) on grounds that the appeal is frivolous, and certify that the appeal is therefore not taken in good faith. It is RECOMMENDED further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24. *See* Fed. R. App. P. 24(a)(4).

    Respectfully submitted this
    4th day of December 2013.

    THOMAS B. McCOUN III
    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); M.D. Fla. R. 6.02.


Copies furnished to:
Honorable James D. Whittemore, United States District Judge
Counsel of Record
Defendant, c/o FCC Coleman - Medium, Reg. 21958-018, P.O. Box 1032, Coleman, FL 33521-1032