**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                    **Case No. 8:97-CR-344-T-27AAS**

**JOHN LEE COLLINS**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Reduce Sentence Pursuant to the First

Step Act (Dkt. 213) and the United States' Amended Response (Dkt. 217). Upon consideration,

Defendant's motion is DENIED, except that his term of supervised release on Count One is reduced

to 8 years.

### The First Step Act

The First Step Act authorizes the court to "impose a reduced sentence as if sections 2 and 3

of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed."

First Step Act, Pub. L. No. 115-391, § 404(b). Under Section 404(a), a " 'covered offense' means

a violation of a Federal criminal statute, the statutory penalties for which were modified by section

2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010."

Defendant stands convicted of distribution of cocaine base (Count One) and distribution of

heroin (Count Two) (Dkt. 104). On May 26, 2000, his sentence was enhanced under 21 U.S.C. §

851(b) and he was sentenced as a career offender to concurrent 360 month terms, with concurrent

10 (Count One) and 6 (Count Two) year terms of supervised release (Id.). His sentence was affirmed

(Dkt. 123).

Defendant's conviction on Count One for distribution of cocaine base is a "covered offense" as defined by Section 404 of the First Step Act, and he is therefore eligible for a sentence reduction. But his conviction on Count Two for distribution of heroin is not a "covered offense."[1] The United States acknowledges that Section 404 of the First Step Act lowered Defendant's statutory penalty on Count One from 20 years to life to 10 years to life, but notes that the statutory penalty on Count Two remains the same, up to 30 years. It agrees that the statutory change on Count One "gives this Court authority to reduce his sentence . . .", but opposes a sentence reduction.[2]

The United States relies on Probation's assessment, pointing out that Defendant's guideline range today remains the same as it was when he was sentenced in 2000.[3] Specifically, it contends that "[t]he First Step Act modifies Collins's statutory penalty provision as to Count One, but it does not modify his amended guidelines range which remains 360 months to life imprisonment." (Dkt. 217). The United States contends that the only change is that retroactive application of the FSA lowers the statutory minimum penalty on Count One from 20 to 10 years, and that no other factor considered by the court at sentencing is altered. According to the United States: "Nothing suggests

---

[1]  In a footnote to his motion, without citing binding authority, Defendant contends that the court "has authority to grant the relief requested herein as to [his] total sentence," seeming to rely on the very sentencing guidelines he argues should not be considered. (Dkt. 213, n.13).

[2] The United States does not oppose a reduction in his term of supervised release on Count One to 8 years.

[3] Defendant was held accountable for 133 grams of cocaine base and 27.8 grams of heroin. PSR, ¶¶ 6–7. This converted to a marijuana equivalency of 2,687 kilograms. Id. ¶¶ 13–14, resulting in a total offense level 37, criminal history category VI. His guideline range was therefore 360 months to life. Id. ¶¶ 25, 38, 78. Defendant did not object to the PSR or the application of the guidelines. Id. at p. 32.
    The United States Probation Office submitted a Memorandum recommending that Defendant is eligible for a sentence reduction under the First Step Act of 2018 and retroactive application of the Fair Sentencing Act of 2010, but only as to the term of supervised release on Count One (Dkt. 206). While acknowledging that retroactive application of the FSA reduces the minimum mandatory sentence on Count One from 20 to 10 years, Probation advises that his guideline range is unaffected. (Id.).

that Collins's 360 months sentence is now inappropriate because of a reduction in his statutory minimum penalties, when those penalties did not bear on the sentence that was imposed." (Dkt. 216 at p. 6).

## Discussion

Essentially, the United States argues that retroactive application of the FSA has no impact on Defendant's sentence. I agree. Applying the FSA retroactively, the minimum penalty on Count One is lowered, but the minimum penalty had no bearing on his sentence. Even if the FSA was in effect when his offenses were committed, his sentence would be the same. Moreover, the penalty on Count Two is unaffected, and his guideline range remains the same. Regardless, after considering the factors in 18 U.S.C. § 3553(a), particularly the seriousness of the offenses, and the need to promote respect for the law and deterrence, I find that a sentence reduction is not warranted, notwithstanding his eligibility.

The United States is correct that Defendant is not entitled to a plenary resentencing. Nothing in Section 404(b) of the First Step Act of 2018 authorizes a full resentencing based on current law. And while there is no Circuit precedent addressing whether a defendant seeking a sentence reduction under the First Step Act is entitled to a full sentencing hearing, there is precedent limiting the scope of sentence modification proceedings under § 3582(c)(2), which I find to be analogous. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing."). And in the context of a Section 3582(c)(2) proceeding, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been

amended since the original sentencing." *Id.*[4]

I find the reasoning in *Bravo* applicable to a modification proceeding under § 3582(c)(1)(B) based on the First Step Act.[5] Defendant's request for a hearing is accordingly denied.

### Conclusion

Section 404(c) of the First Step Act expressly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Considering the factors in 18 U.S.C. § 3553(a), as well as Defendant's submissions, I find that a sentence reduction is not warranted, except for a reduction in the term of supervised release on Count One to 8 years.

**DONE AND ORDERED** this 4th day of September, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation

---

[4] The United States concedes that Defendant would not be classified as a career offender and would not be subject to § 851 enhanced penalties if sentenced today (Dkt. 217, p. 6). According to the United States, Defendant's guideline range today would be 210-262 months. Following *Bravo*, I decline to consider these changes in the law, since the First Step Act does not authorize the court to revisit issues other than retroactive application of the FSA.

[5] My Southern District of Florida colleague's thoughtful reasoning on these issues is persuasive. *See United States v. Glover*, 377 F. Supp. 3d 1346, 1357 (S.D. Fla. 2019) (Lenard, J.).